# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**CARMEN ORTIZ-RAMOS,**<br>Defendant. | Criminal No. 21-438 (ADC) |

## REPORT AND RECOMMENDATION
## ON RULE 11(c)(1)(B) PLEA HEARING

**I.    Procedural Background**

On October 5, 2021, the United States Attorney's Office informed the Court that Defendant Carmen Ortiz-Ramos had executed a Waiver of Indictment. Docket No. 1. The matter was referred to the undersigned for a hearing on waiver of indictment, filing for information, arraignment, bail and Rule 11 proceedings. Docket No. 1-1. A hearing on waiver of indictment and the filing of an information was held on November 8, 2021. The Information was approved and filed on the same day. Docket No. 2. The Information charges Defendant Carmen Ortiz Ramos with one count of theft of government property. Id. Specifically, it charges that, between on or about September 1, 2006, and continuing through on or about July 31, 2019, in the District of Puerto Rico, Carmen Ortiz-Ramos, did knowingly and willfully embezzled, stole, purloined and converted to her own use or the use of another, money of the Social Security Administration, a department or agency of the United States, namely payments issued by the United States Department of Treasury, on behalf of the Social Security Administration, which payments were made payable to F.O., to which the defendant knew she was not entitled, having a value in excess of $1,000, that is, approximately $111,336.00. In violation of Title 18, United States Code, Section 641.

The United States of America and Defendant entered into a Plea Agreement. Docket No. 4. On November 8, 2021, Defendant appeared before this Court for a plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. See United States v. Woodward, 387 F. 3d. 1329

USA v. Carmen Ortiz-Ramos
Cr. No. 21-438 (ADC)
Report and Recommendation on Guilty Plea

(11th Cir. 2004) (holding that a magistrate judge may, with the defendant's consent, conduct a Rule 11 change of plea hearing). Defendant was advised of the purpose of the hearing and placed under oath with instructions that her answers must be truthful because otherwise she could be charged with perjury.

## II.  Consent to Proceed Via Video Conference

Defendant was advised of her right to have the hearing under Rule 11 of the Federal Rules of Criminal Procedure in person and open court. However, she was also advised that, because of the national emergency caused by the COVID-19 pandemic, the hearing could not be held in person without seriously jeopardizing public health and safety. See *In re Corona Virus (COVID-19) Public Emergency Miscellaneous Order*, 3:20-mc-0088 (D.P.R. March 31, 2020) (implementing Coronavirus Aid, Relief and Economic Security Act, H.R. 748 ["CARES Act"], authorizing video conferencing under certain circumstances).

Per the above, during the proceeding, the Court, the prosecutor, defense counsel and the courtroom deputy all appeared by video conference. Defendant was asked for her consent to proceed via video conference. Defendant expressed to have had the opportunity to discuss the matter with her attorney and consented to appearing via video conference. Defendant also consented by executing a *Waiver of Presence During Plea Hearing*. Defendant's image and voice were clear, and she could always clearly see and hear the Court and the attorneys. Defendant could also see documents that were shared on the computer screen. Therefore, pursuant to the CARES Act, the plea hearing was held by video conference.

## III.  Consent to Proceed Before a Magistrate Judge

Defendant was advised of her right to hold all proceedings, including the plea hearing, before a district court judge. An explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge was provided. Defendant was informed that, if she elects to proceed before a magistrate judge, the magistrate judge would conduct the hearing and prepare a report and recommendation, subject to the review and approval of the district judge.

Defendant was asked whether she consented to having the plea hearing before the undersigned, a magistrate judge, and was advised of the content of a document titled *Waiver of Right to Trial by Jury*. Defendant expressed that she understood the consequences of agreeing to

USA v. Carmen Ortiz-Ramos
Cr. No. 21-438 (ADC)
Report and Recommendation on Guilty Plea

proceed before a magistrate judge and that she agreed to proceed before a magistrate judge. Defendant's attorney informed that he would have Defendant sign the *Waiver of Right to Trial by Jury* form. The *Waiver of Right to Trial by Jury* was signed by Defendant and submitted at Docket No. 3. The Court thus found that Defendant voluntarily consented to proceed before a magistrate judge and approved Defendant's consent.

### IV.   Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal crime violations. Pursuant to Rule 11, for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. <u>United States v. Hernández Wilson</u>, 186 F. 3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea'". <u>United States v. Cotal-Crespo</u>, 47 F. 3d 1, 4 (1st Cir. 1995) (quoting <u>McCarthy v. United States</u>, 394 U. S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea.

#### A.  Competence to Enter a Guilty Plea

The Court questioned Defendant about her age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs or alcohol, and her understanding of the purpose of the hearing, to ascertain her capacity to understand, answer and comprehend the change of plea colloquy. The Court confirmed that Defendant received the Information and fully discussed the charges with her attorney, and that she was satisfied with the advice and representation she received. The Court further inquired whether Defendant's counsel or counsel for the Government had any reservations as to Defendant's capacity to plead, receiving answers that Defendant was competent to enter a plea. After considering Defendant's responses, and observing her demeanor, a finding was made that Defendant was competent to plead and fully aware of the purpose of the hearing.

#### B.  Plea Agreement

Defendant was shown her plea agreement, including the stipulation of facts, through the computer screen and she identified her initials and signatures. Defendant confirmed that she had the opportunity to read and discuss the plea agreement and plea agreement supplement with her

attorney, that her attorney translated both the plea agreement and the plea agreement supplement before she signed the plea agreement, that the plea agreement represented the entirety of her understanding with the Government, that she understood the terms of the plea agreement and plea agreement supplement, and that no one had made any other or different promises or assurances to induce her to plead guilty. Counsel for the Government described the essential elements of the plea agreement, including stipulations pertaining to the Sentencing Guidelines and any sentencing recommendations. Counsel for the defense agreed with the Government's description of the terms and recommendations, and so did Defendant.

Defendant was then admonished, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), that the terms of the plea agreement are merely recommendations to the Court, and that the District Judge who will preside over the sentencing hearing can reject the recommendations without permitting Defendant to withdraw her guilty plea. And that the District Judge could impose a sentence that is more severe than what Defendant might anticipate. Defendant expressed full understanding of the foregoing and confirmed that she was fully aware that, if the District Judge did not follow the recommendations in the plea agreement, she would not be allowed to withdraw her plea of guilty solely because she received a sentence higher than expected.

### C. Voluntariness

In considering the plea agreement, Defendant acknowledged that the plea agreement contains all the promises and agreements that she made with the Government and that no one made any other or different promise or assurance of any kind in exchange for her guilty plea, other than the recommendations set forth in the plea agreement. Defendant indicated that she was not being induced to plead guilty, that she was entering such plea freely and voluntarily because she is guilty, and that no one has threatened her or offered a thing of value in exchange for her plea. Defendant understood that the offense to which she is pleading guilty is a felony and that, if the plea is accepted, she will be adjudged guilty of that offense, and that such adjudication may deprive her of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

Throughout the hearing, Defendant was free to consult with her attorney or to seek clarification from the Court. She confirmed that her agreement to plead guilty was made knowingly and voluntarily.

### D. Maximum Penalties

Upon questioning, Defendant expressed her understanding of the statutory maximum penalties for the offense to which she was pleading guilty. Count One of the Information carries a term of imprisonment of not more than ten (10) years pursuant to 18 U.S.C. § 641; a fine not to exceed two hundred and fifty thousand dollars ($250,000) pursuant to 18 U.S.C. § 3571 (b)(3); and a supervised release term of no more than three (3) years pursuant to 18 U.S.C. § 3583 (b)(2). In addition, a Special Monetary Assessment of one hundred dollars ($100.00) per count of conviction would be imposed, to be deposited in the Criminal Victims Fund, pursuant to Title 18, United States Code, Section 3013(a). Defendant indicated that she understood the maximum penalties for Count One of the Information, that the offense charged is a felony, and the potential consequences of the guilty plea, such as the deprivation of certain valuable rights.

The Court then explained the nature of supervised release and the consequences of violating the conditions of supervised release. Specifically, Defendant was informed that, if supervised release is revoked, she may be required to serve an additional term of imprisonment up to the full term of supervised release originally imposed by the Court. And that, if she is currently on supervised release in a different case than the one object of the Information here, her plea of guilty, if accepted, could result in negative consequences, such as the revocation of her supervised release in that other case.

The Court further advised Defendant that in certain cases the Court may also order, or be required to order, that Defendant pay restitution to any victim of the offense, and the Court may also require her to forfeit certain property to the Government. Specifically, the Court advised Defendant that her plea agreement requires her to make restitution to the United States Social Security Administration in the amount of $111,336.00. Defendant acknowledged such an obligation and informed that she agreed with the same.

Defendant was also informed that any sentence imposed in this case could be imposed to run concurrently or consecutively to any sentence she may be currently serving in another case.

USA v. Carmen Ortiz-Ramos
Cr. No. 21-438 (ADC)
Report and Recommendation on Guilty Plea

### E. Sentencing Procedure

Defendant was informed that, in determining her sentence, the District Judge is required to consider, but not necessarily follow, the Sentencing Guidelines. Defendant confirmed that she discussed with her attorney how the Sentencing Guidelines might apply to this case. Defendant was specifically informed that the Court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate in the plea agreement or provided by her attorney, and that the Court had the authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines. Defendant was advised, and informed to have understood, that the Sentencing Guidelines are thus considered advisory, and that during sentencing the District Court will consider the sentencing criteria found at Title 18, <u>United States Code</u>, Section 3553(a), which include the seriousness of the offense, the need for deterrence of criminal conduct, the need to protect the public from further crimes, the need to provide Defendant with educational or vocational training, or medical care, and the need to provide restitution to any victims.

Defendant was advised that parole has been abolished and that, if she is sentenced to prison, she will not be released on parole.

Further, Defendant was advised of her right to appeal and that, under some circumstances, she or the Government may have the right to appeal the sentence imposed by the Court. But that, pursuant to her plea agreement, she is waiving her right to appeal both the judgment and sentence imposed by the Court, if the Court accepts her plea agreement and sentences her to a term of imprisonment of twelve (12) months or less. Defendant informed that she understood her right to appeal and that she voluntarily agreed to this waiver.

### F. Waiver of Constitutional Rights

Defendant was specifically advised that she has the right to persist in a plea of not guilty and that, if she does, she has the right to a speedy trial by jury, or trial before a judge sitting without a jury if the Court and the Government so agree; that at trial she would be presumed innocent and the Government would have to prove her guilt beyond a reasonable doubt; that she would have the right to the assistance of counsel for her defense, and that, if she could not afford one, an attorney would be appointed to represent her throughout all stages of the proceedings; that at trial she would have the right to hear and cross examine all witnesses, the right to issue subpoenas or to compel

6

the attendance of witness to testify at trial, and the right to decline to testify and remain silent. Defendant was further advised that if she decided not to testify or put on evidence at trial, the failure to do so could not be used against her, and that at trial the jury would have to return a unanimous verdict before she could be found guilty or not guilty.

Defendant specifically acknowledged understanding these rights. She reaffirmed her understanding that by entering a plea of guilty there would be no trial and she would be waiving or giving up the rights that the Court explained.

### G.  Offense Charged and Factual Basis for the Guilty Plea

Defendant was read in open court Count One of the Information and was provided an explanation of the elements of the offense, as well as the meaning of technical terms used in the Information to describe the offense as charged. Defendant expressed that she understood the elements of the offense and what the Government would have to prove beyond a reasonable doubt if she were to go to trial.

The Government explained the factual basis for the offense and the evidence it would present if this case were to proceed to trial. Upon questioning, Defendant admitted to the facts, constituting all the elements of the offense charged. Defendant admitted that she was pleading guilty because she is in fact guilty. Defendant pled guilty as to Count One of the Information.

## V.  Conclusion

Defendant appeared before me, by consent, pursuant to Rule 11 of the Federal Rules of Criminal Procedures and entered a plea of guilty as to Count One of the Information.

After cautioning and examining Defendant under oath and in open court concerning each of the subject matters in Rule 11, the Court finds that the defendant, **Carmen Ortiz-Ramos,** is fully competent and capable of entering this guilty plea, is aware of the nature of the charge and the maximum statutory penalty it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with knowledge of the consequences of her guilty plea.

I recommend that the Court accept the guilty plea and that Defendant be adjudged guilty as to Count One of the Information.

USA v. Carmen Ortiz-Ramos
Cr. No. 21-438 (ADC)
Report and Recommendation on Guilty Plea

**IT IS SO RECOMMENDED.**

This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72 (d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. Failure to file timely and specific objections to the Report and Recommendation is a waiver of the right to review by the District Court. United States v. Valencia-Copete, 792 F. 2d 4 (1st Cir. 1986).

**A sentencing hearing will be scheduled by the presiding judge, Hon. Aida M. Delgado Colón.**

In San Juan, Puerto Rico, this 11th day of November 2021.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge